UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACOB B. ALLEN,
FDOC Inmate No. E47496,
    Plaintiff,

vs.                                                  Case No.: 3:20cv5784/MCR/EMT

MARK INCH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jacob B. Allen, currently an inmate of Northwest Florida Reception Center (NWFRC) proceeding pro se and in forma pauperis, filed this civil rights action filed pursuant to 42 U.S.C. § 1983, asserting claims for failure to protect him from harm by other inmates. He subsequently filed an amended complaint (ECF No. 10). Plaintiff has been granted leave to proceed in forma pauperis (*see* ECF No. 5). Because Plaintiff is a prisoner, the court must review the complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury,

constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915A(b)(1). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where inmate failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process warranted where inmate made no attempt to disclose prior cases in original or amended complaint); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district

court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, as prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all information known to him regarding prior cases even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as

sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of discretion even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied this action is malicious and thus recommends dismissal under 28 U.S.C. § 1915A(b)(1). Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 10 at 4–6). Question A of Section IV asks whether Plaintiff had initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action (*id.* at 4) (emphasis in original). Plaintiff responded "No" to this question and disclosed no cases,

indicating the information sought was "NA" (*id.*).  Question B of Section IV asks whether Plaintiff had initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action (*id.*) (emphasis in original).  Again, Plaintiff responded "No" and disclosed no cases, indicating the question was "NA" (*id.* at 4–5).  Question C of Section IV asks whether Plaintiff had initiated other actions (*besides those listed above in Questions (A) and (B)*) in either **state or federal court** that relate to the fact or manner of his incarceration (including habeas corpus petitions) or the conditions of his confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong). (*id.* at 5) (emphases in original).  Plaintiff responded "Yes" and disclosed the following case: *Allen v. Hudson, et al.*, No. 4:16cv182/MW/CAS (N.D. Fla.) (*id.* at 5–6).[1]  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY**

---

[1] The court has also reviewed Plaintiff's original complaint, which was submitted on a different civil rights complaint form but which includes a similar series of questions regarding Plaintiff's litigation history (*see* ECF No. 1 at 19–21). Plaintiff disclosed only the same case, *Allen v. Hudson, et al.*, No. 4:16cv182/MW/CAS (N.D. Fla.) (ECF No. 1 at 21).

Case No.:  3:20cv5784/MCR/EMT

**THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT"** (*id.* at 16).

As routinely recognized by this court, the information in Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable.

The court takes judicial notice that prior to commencing the instant action on August 25, 2020, Plaintiff had filed the following case: *Allen v. Maddox, et al.*, Case No. 5:18cv6/MCR/CJK (N.D. Fla.), a § 1983 complaint alleging failure to protect him from other inmates. The undersigned can confirm the case was filed by Plaintiff

Case No.: 3:20cv5784/MCR/EMT

because it reflects the same inmate number, E47496. Plaintiff had also filed *Allen v. Florida Dep't of Corr.*, Case No. 2017-CA-53 (Second Judicial Circuit of Leon Cnty., Fla.), also alleging failure to protect. The undersigned can confirm such case was filed by Plaintiff because Plaintiff disclosed the case on the complaint form filed in the case referenced above (*see* ECF No. 1 at 3, in Case No. 5:18cv6/MCR/CJK). Plaintiff did not disclose either of these cases in this matter despite the complaint form's clear instruction that he do so.

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as set forth above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of all prior action was required and that dismissal of the action may result from untruthful answers.[2] If Plaintiff suffered no penalty for his

---

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE

Case No.: 3:20cv5784/MCR/EMT

untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3, 4] *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose

---

DISCLOSED AS WELL" (ECF No. 10 at 4) (emphases in original). Plaintiff did not indicate uncertainly as to prior cases he filed.

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819. Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[4] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state). The alleged unconstitutional conduct of which Plaintiff complains occurred beginning on June 9, 2020 (*see* ECF No. 10 at 7). Plaintiff thus has more than adequate time to file another civil rights action.

Case No.:  3:20cv5784/MCR/EMT

the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff also should be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915A(b)(1);

2. That the clerk be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 10th day of March 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**